UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED MAY 11 2010 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, et al., <br> Plaintiffs, <br><br> v. <br><br> B.O.C. HEATING & AIR CONDITIONING CO., <br> Defendant. | Case No. 1:09-cv-01127(CMH/IDD) |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' Motion for Default Judgment against B.O.C. Heating & Air Conditioning Co. ("Defendant"), pursuant to FED. R. CIV. P. 55(b)(2). (Dkt. No. 8.) After a representative for Defendant failed to appear at the hearing on January 22, 2010, the undersigned Magistrate Judge took this matter under advisement. Upon consideration of the Complaint, Plaintiffs' Motion for Default Judgment, and the supporting affidavits, the undersigned Magistrate Judge makes the following conclusions, and recommends that default judgment be entered against Defendant.

## I. INTRODUCTION

On October 6, 2009, Plaintiffs[1] filed this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and under section 301 of the Labor Management Relations Act

---

[1] The Sheet Metal Workers' National Pension Fund ("NPF"), the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the Sheet Metal Workers' International Association Scholarship Fund ("Scholarship Fund"), the National Energy Management Institute Committee ("NEMI"), and the Sheet Metal Occupational Health Institute Trust ("SMOHIT") are collectively referred to as "Plaintiffs" or "National Funds".

1

("LMRA"), 29 U.S.C. § 185(a). These Acts allow parties to enforce provisions of their collective bargaining agreements. Plaintiffs seek unpaid contributions, interest on the unpaid contributions, liquidated damages, injunctive relief, and attorneys' fees and costs, pursuant to ERISA, LMRA, and the collective bargaining agreement and trust agreements[2] ("Agreements") between the Sheet Metal Workers' International Association Local Union No. 73 ("Local Union No. 73") and Defendant. (Compl. ¶¶ 1-2, 10; Pls.' Mot. Default J at 1-3.)

## A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 185(a), 1132 and 1145 because the funds are administered in this district from the Plaintiffs' principal places of business in Alexandria, Virginia. (Compl. ¶ 4.) Where an action is brought in a district court of the United States under Sections 502 and 515 of ERISA, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Moreover, a suit for violation of a contract between an employer and a labor organization, representing employees in an industry affecting commerce, may be brought in any district court having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties. 29 U.S.C. §§ 185(a).

This Court has personal jurisdiction over the Defendant under the decision in *Board of Trustees, Sheet Metal Workers Nat'l Pens. Fund v. McD Metals, Inc.*, 964 F.

---

[2] Defendant signed a collective bargaining agreement with Local Union No. 73, effective June 1, 2008 through May 31, 2011, and thereafter from year-to-year until lawfully terminated. (Compl. ¶¶ 9-10.) Defendant also signed or agreed to abide by the terms of the declarations of trust. (Compl. ¶¶ 11-12.) The collective bargaining agreement and the trust agreements will hereinafter be collectively referred to as the "Agreements".

2

Supp. 1040, 1045 (E.D. Va. 1997)[3]. Venue is also properly situated in this District in that the breach of the collective bargaining agreements and consequential breach of Section 515 of ERISA, 29 U.S.C. § 1145, occurred within this district. (Compl. ¶ 5.)

### B. Service of Process

On October 16, 2009, process was served on Defendant by serving Defendant's registered agent, Tom Wodka, who was authorized to accept service at 5 Yorktown Court, South Barrington, IL 60010 (Dkt. No. 4). Therefore, service was proper under 29 U.S.C. § 1132(e)(2), which provides that process may be served in any district where a defendant resides or may be found.

### C. Grounds for Default

Plaintiffs filed their Complaint on October 6, 2009. (Dkt. No. 1.) Defendant has failed to appear, answer, or file any other responsive pleadings in this matter. On November 10, 2009, Plaintiffs filed a Request for Entry of Default with the Clerk's Office. (Dkt. No. 5.) The Clerk entered default on November 10, 2009. (Dkt. No. 6.) On January 15, 2010, the Plaintiffs filed a Motion for Default Judgment, and a hearing was conducted on January 22, 2010. After the Defendant failed to appear at the January 22, 2010 hearing, the undersigned Magistrate Judge took the case under advisement to issue this Report and Recommendation.

---

[3] The Court held that the Eastern District of Virginia had personal jurisdiction over Defendant, a New York corporation, because ERISA provided for nationwide service of process and thus the Fifth Amendment "national" contract theory is applicable and the Virginia long arm statute under Virginia Code § 8.01-328.1 is inapplicable.

3

## II. FACTUAL FINDINGS

The undersigned Magistrate Judge makes the following findings of fact based on the Complaint, the Motion for Default Judgment, the Declaration of Joshua Todd, Assistant Billing and Eligibility Manager for the Sheet Metal Workers' National Pension Fund ("Todd Decl."), the Declaration of Marc H. Rifkind, Esquire, Plaintiffs' counsel ("Rifkind Decl."), and the documents submitted in proof of damages.

The Plaintiffs are the trustees of multi-employer employee benefit plans[4] and are administered from offices located in Alexandria, Virginia. (Compl. ¶ 6.) Defendant is an Illinois company engaged in an industry affecting commerce, within the purviews of Sections 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12). (Compl. ¶ 7.) Defendant signed a collective bargaining agreement with Local Union No. 73, effective June 1, 2008 through May 31, 2011. (Compl. ¶¶ 9-10l; Todd Decl. ¶ 2.) Defendant also signed or agreed to abide by the terms of the declarations of trust. (Compl. ¶¶ 11-12.)

Plaintiffs now seek an order holding Defendant liable and requiring Defendant to: (1) file remittance reports and make timely contributions due to the National Funds for the months of May 2009 through June 2009[5]; (2) permit Plaintiffs to conduct an audit of the Defendant's wage, payroll, and personnel records for all periods for which the Defendant has an obligation to contribute to the National Funds; (3) pay all additional unpaid contributions, interest and liquidated damages on the unpaid contributions, and all costs of the audit; and (4) pay Plaintiff's reasonable attorneys' fees and costs in bringing

---

[4] As defined by ERISA 29 U.S.C. §§ 1002(3), 1002(37).

[5] Originally, in their filed Complaint, Plaintiffs sought compensation for the months May 2009 through July 2009. Yet, in their Motion for Default Judgment, the Plaintiffs seek a lower amount because Plaintiffs have since confirmed that the contributions owed by Defendant were only for the months of May 2009 and June 2009.

4

this action, as well as any additional fees and costs incurred in the execution of the judgment award. (Compl. ¶¶ 20-21; Pls.' Mot. Default J. at 1-3; Todd Decl. ¶¶ 5-8.) Currently, Plaintiffs seek total damages in the amount of $18,109.97.[6]

In addition, Plaintiffs seek injunctive relief enjoining the Defendant and all persons acting on its behalf from refusing to file remittance reports with accompanying contributions for all periods for which Defendant is obligated to do so under the terms of any collective bargaining agreement. (Compl. ¶¶ 21(b)(i)-(b)(iii).) Pursuant to the Agreements, Defendant agreed to pay Plaintiffs certain sums of money for each hour worked by the covered employees. (Compl. ¶ 11.) Contributions must be made for time worked by or paid to the covered employees and for the wages and fringe benefits due at the contribution rate specified in the Agreements. (Todd Decl. ¶ 3.)

Coupled with the monthly contributions, the Agreements require the Defendant to submit monthly remittance reports on which the Defendant is to list its covered employees and the hours they worked or for which they received pay that month. (Compl. ¶ 15; Todd Decl. ¶ 3.) The completed remittance reports and accompanying contributions are due to the Plaintiffs by the twentieth (20th) day of the month following the month in which covered employment occurred. (Compl. ¶ 17; Todd Decl.¶ 3.) The contributions are delinquent if received thereafter. (Compl. ¶ 17.) Without these reports, Plaintiffs can determine neither the amount of the contribution that should be made to each Fund, nor the eligibility for benefits of a particular participant.

---

[6] The Complaint originally sought an amount of $19,698.61, notwithstanding amounts for interest on the delinquent contributions and attorneys' fees and costs. The Pls.' Mot. for Default J. decreased the amount of damages by narrowing the months for contributions owed as well as lowering the amount of liquidated damages.

In violation of the Agreements, Defendant failed to make proper contributions to the Plaintiffs for work performed at the Defendant's request and to submit timely monthly contributions for the period of May 2009 through June 2009. (Compl. ¶ 18; Todd Decl. ¶ 6.) Based on reports to the Plaintiffs from May 2009 through June 2009, Defendant owes contributions in the amount of $18,109.97.[7]

Therefore, under § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to recover: (1) the full amount of unpaid contributions; (2) interest on contributions which were paid late or remain unpaid;[8] (3) liquidated damages for contributions which were paid late or remain unpaid;[9] and (4) reasonable attorneys' fees and the costs of this action. (Compl. ¶¶ 19-22; Todd Decl. ¶¶ 5-8.)

Furthermore, in violation of the Agreements, Defendant's contributions to the Plaintiffs for the months of May 2009 through June 2009 were late. Pursuant to the Agreements, because the reports for the months of May 2009 through June 2009 were submitted late, the Plaintiffs are entitled to recover damages in an amount equal to the greater of fifty dollars ($50.00) or ten percent (10%) of the contributions due for each

---

[7] *See* Compl. ¶ 18 (asserting that Defendant owes Plaintiffs contributions, interest, and liquidated damages totaling $19,698.61; *but see* Todd Decl. ¶ 6 and Pls.' Mot. for Default J. at 1-3 (illustrating that the total from the Complaint has been decreased to $18,109.97, which now includes attorneys' fees and costs).

[8] Interest is calculated at the rate prescribed under the Plaintiffs' governing documents at 0.0233% per day, compounded daily. (Todd Decl. ¶ 5(1).) Accrued interest was calculated from the date a contribution was due through January 8, 2010. (Todd Decl. ¶ 7.)

[9] Liquidated damages are assessed in an amount equal to the greater of: (i) interest on all unpaid contributions or (ii) twenty percent (20%) of the contributions that were unpaid on the date the lawsuit was filed, or which became delinquent subsequent to the filing of the lawsuit. (Todd Decl. ¶¶ 6, 8.)

month of contributions paid after the due date, and before any lawsuit is filed.[10] (Dkt. No. 11, Exh. B.)

The amounts due in unpaid and delinquent monthly contributions, accrued interest on unpaid and delinquent contributions calculated through June 2009, and liquidated damages on unpaid and delinquent contributions is summarized as follows:

### A. *Contributions Owed, Interest, and Liquidated Damages*

Based on the reports submitted by the Plaintiffs, the following amounts are due and owing for the period of May 2009 through June 2009:

| Fund | Contributions | Interest | Liquidated Damages | Late Fees | Total owed to each Fund |
|---|---|---|---|---|---|
| NPF | $11,753.70 | $538.56 | $2,350.73 | $0.00 | $14,642.99 |
| ITI | $456.87 | $20.98 | $91.36 | $0.00 | $569.21 |
| NEMI | $114.21 | $5.25 | $22.83 | $0.00 | $142.29 |
| SMOHIT | $76.14 | $3.50 | $15.22 | $0.00 | $94.86 |
| Scholarship Fund | $38.06 | $1.74 | $7.60 | $0.00 | $47.40 |
| **TOTAL** | $12,438.98 | $570.03 | $2487.74 | $0.00 | $15,496.75 |

(Todd Decl. Ex. C.)

### B. *Attorneys' Fees and Costs*

The Restated Agreement and Declaration of Trust and Section 502(g)(2) of ERISA provide that an employer may be required to pay all attorneys' fees and costs incurred. In support of their request for attorneys' fees, Plaintiffs submitted the Declaration of Marc. H. Rifkind, Esquire, and a report of attorneys' fees and costs. (Dkt.

---

[10] Although Plaintiffs are entitled to late fees pursuant to Art, V, Sec. 2(c) of the Amended and Restated Agreement and Declaration of Trust, Plaintiffs neither requested this amount in either their Complaint or their Motion for Default Judgment.

No. 9, Rifkind Decl.) Plaintiffs' counsel avers under oath that the amount of $2613.22 (fees in the amount of $2,252.00 plus additional costs and expenses in the amount of $361.22) is an accurate representation of the attorneys' fees and costs associated with this proceeding. After having examined and reviewed the Rifkind Decl. along with its supporting affidavits, the undersigned Magistrate Judge finds the requested costs and fees are reasonable compensation for work necessarily expended to enforce Plaintiffs' rights.

### C. *Injunctive Relief*

Finally, Plaintiffs seek injunctive relief, pursuant to 29 U.S.C. §§ 1132(g)(2), which authorizes Plaintiffs to recover "such other legal or equitable relief as the court deems appropriate." In this case, Plaintiffs are seeking to: (1) require Defendant to submit to an audit of wage, payroll, and personnel records for all periods for which Defendant is obligated to contribute to the Fund, and to pay all contributions, interest and liquidated damages, discovered in such audit (in the event that the amount differs from the amount contained in Defendant's remittance reports); and (2) enjoin Defendant from refusing to file complete, proper, and timely remittance reports with accompanying contributions for all periods for which Defendant is obligated to do so under current and future collective bargaining agreements. (Pls.' Mem. Supp. Mot. Default J. at 2.)

To determine whether injunctive relief is appropriate in a given case, the Court must balance the following four factors: (1) the likelihood of success on the merits of the plaintiff's claim (for a preliminary injunction), or the existence of actual success on the merits (for a permanent injunction); (2) the likelihood of irreparable injury to the Plaintiff in the absence of an injunction; (3) the likelihood of harm to other interested persons if an

injunction is issued; and (4) the public interest in granting versus not granting the injunction. *Amoco Production Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987).

Where, as here, Defendant has defaulted and Plaintiffs are entitled to a default judgment, Plaintiffs have shown actual success on the merits. Furthermore, the likelihood of irreparable injury is clear in that Defendant's continuing conduct cannot fully be remedied by a damage award, since contractual employees are still affected by Defendant's non-payment. Moreover, there is no likelihood of harm to other interested persons if this injunction is issued. Lastly, based on the facts established, the balancing of harm to the parties versus the public interest weighs in favor of granting the injunctive relief. This finding is supported by the general principle that Defendant's failure to pay Plaintiffs causes a loss in income and will eventually deplete resources available to pay current benefits. Therefore, the undersigned Magistrate Judge finds that Plaintiffs are entitled to the injunctive relief they seek in this case.

## III. <u>RECOMMENDATION</u>

The undersigned Magistrate Judge recommends entry of default judgment in favor of Plaintiffs and against Defendant, B.O.C. Heating & Air Conditioning Co. The undersigned Magistrate Judge finds that the submitted pleadings and affidavits establish that Plaintiffs are entitled to default judgment and damages in the amount of $18,109.97 in accordance with the following:

| *Type of Action* | *Total* |
|---|---|
| Unpaid Contributions | $12,438.98 |
| Interest | $570.03 |
| Liquidated Damages | $2,487.74 |

| | |
|---|---|
| Late Fees | $0.00 |
| Attorneys' Fees and Costs | $2,613.22 |
| Grand Total | $18,109.97 |

The undersigned Magistrate Judge further recommends granting the following injunctive relief: (1) that Defendant be ordered to file remittance reports, if not already filed, and make payments due for the period covering May 2009 through June 2009, and for all other periods for which it is obligated, until the expiration of the current collective bargaining agreement and extensions thereto; (2) that Defendant be ordered to permit Plaintiffs to conduct an audit of its wage, payroll and personnel records, for all periods for which Defendant is obligated to contribute to the Funds under the collective bargaining agreement; (3) that should such an audit reveal unreported hours and that additional contributions are due, Defendant be ordered to pay all additional unpaid contributions, all interest, and liquidated damages on those unpaid contributions, and all costs of the audit; and (4) that Defendant, its officers, agents, servants, employees, attorneys, and all persons acting on their behalf or in conjunction with them be restrained and enjoined from refusing to file complete, proper, and timely remittance reports with accompanying contributions for all periods for which the defendant is obligated to do so under its current and future collective bargaining agreements.

If further action is required to enforce and collect this judgment, Plaintiffs may apply to this Court or to the court in which enforcement is sought for further reasonable attorneys' fees and costs in addition to those set out in this Report and Recommendation.

## IV. NOTICE

By mailing copies of this report and recommendation, the parties are notified as follows. Objections to this report and recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to all Counsel of record and to Defendant at the following address:

B.O.C. Heating & Air Conditioning Co.
5 Yorktown Court
South Barrington, IL 60610

/s/
Ivan D. Davis
United States Magistrate Judge

May 11, 2010
Alexandria, Virginia